**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

Delhar, LLC,                                )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )        Case No. CPU4-19-003429
                                            )
Pabian Ventures, LLC, d/b/a                 )
Pabian Properties,                          )
                                            )
            Defendant.                      )

Submitted: October 19, 2020
Decided: February 26, 2021

Gregory D. Stewart, Esq.                         Santino Ceccotti, Esq.
409 South Ridge Avenue                           2055 Limestone Road Ste. 200-H
Middletown, DE 19709                             Wilmington, De 19808
*Attorney for Plaintiffs*                        *Attorney for Defendant*

**ORDER ON
DELHAR, LLC'S MOTION FOR SUMMARY JUDGMENT,
PABIAN VENTURE'S CROSS MOTION FOR SUMMARY JUDGMENT, and
PABIAN VENTURE'S MOTION TO COMPEL**

**SMALLS, C.J.**

This matter is before the Court on Delhar, LLC's ("Delhar") Motion for Summary Judgment; Pabian Venture's ("Pabian") Cross-motion for Summary Judgment, and; Pabian's Motion to Compel. Delhar alleges Pabian is indebted to Delhar in the amount of $5,743.27 for non-payments of rents and refusal to return security deposits for properties managed by Pabian. Pabian brings a counterclaim in the amount of $59,998.91 for non-payment of construction and repair services.

## FACTUAL AND PROCEDURAL HISTORY

The issues in this case involve a series of business transactions between Pabian Ventures and several other entities. Pabian Ventures is a property management corporation which provides construction, property management, and maintenance services. As a property manager, Pabian manages lease properties owned by their clients, and forwards the clients the rents collected, after Pabian deducts their fees.

In November of 2016, Delhar, Miles Development, LLC, ("Miles") and 19709, LLC, ("19709"), entered into an agreement with Pabian, whereby Pabian would provide property management and maintenance services. Pabian's duties included improving the client's properties and collecting rent. Pursuant to an alleged separate verbal agreement, the collected rents were credited to the amounts due for the improvements with any excess amount paid to the clients. However, during the course of the contract, the parties' relationship deteriorated, resulting in Delhar, Miles, and 19709 terminating Pabian as their property manager in June of 2019.

1

# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

Delhar, LLC,                               )
                                          )
       Plaintiff,                       )
                                          )
v.                                        )   Case No. CPU4-19-003429
                                          )
Pabian Ventures, LLC, d/b/a               )
Pabian Properties,                        )
                                          )
       Defendant.                       )

Submitted: October 19, 2020
Decided: February 26, 2021

Gregory D. Stewart, Esq.                    Santino Ceccotti, Esq.
409 South Ridge Avenue                      2055 Limestone Road Ste. 200-H
Middletown, DE 19709                        Wilmington, De 19808
*Attorney for Plaintiffs*                   *Attorney for Defendant*

# ORDER ON
# DELHAR, LLC'S MOTION FOR SUMMARY JUDGMENT,
# PABIAN VENTURE'S CROSS MOTION FOR SUMMARY JUDGMENT, and
# PABIAN VENTURE'S MOTION TO COMPEL

**SMALLS, C.J.**

This matter is before the Court on Delhar, LLC's ("Delhar") Motion for Summary Judgment; Pabian Venture's ("Pabian") Cross-motion for Summary Judgment, and; Pabian's Motion to Compel. Delhar alleges Pabian is indebted to Delhar in the amount of $5,743.27 for non-payments of rents and refusal to return security deposits for properties managed by Pabian. Pabian brings a counterclaim in the amount of $59,998.91 for non-payment of construction and repair services.

## FACTUAL AND PROCEDURAL HISTORY

The issues in this case involve a series of business transactions between Pabian Ventures and several other entities. Pabian Ventures is a property management corporation which provides construction, property management, and maintenance services. As a property manager, Pabian manages lease properties owned by their clients, and forwards the clients the rents collected, after Pabian deducts their fees.

In November of 2016, Delhar, Miles Development, LLC, ("Miles") and 19709, LLC, ("19709"), entered into an agreement with Pabian, whereby Pabian would provide property management and maintenance services. Pabian's duties included improving the client's properties and collecting rent. Pursuant to an alleged separate verbal agreement, the collected rents were credited to the amounts due for the improvements with any excess amount paid to the clients. However, during the course of the contract, the parties' relationship deteriorated, resulting in Delhar, Miles, and 19709 terminating Pabian as their property manager in June of 2019.

1

On September 13, 2019, Delhar, Miles, and 19709, all filed separate lawsuits alleging Pabian was in default for non-payment of rents and refusal to return security deposits for their properties.[1]

On October 28, 2019, Pabian filed a separate answer to each complaint denying the allegations. With regard to the action by Delhar, Pabian asserted a counterclaim in the amount of $59,998.91 for services Pabian allegedly performed on Delhar's rental units. On November 14, 2019, Delhar filed an Answer to the Counterclaim, denying the allegations.

Discovery commenced, and in February 13, 2020, Delhar filed a Motion to Compel, arguing that Pabian's responses to interrogatories were incomplete and evasive, and that it failed to produce certain documents Delhar had demanded in its discovery requests.

On March 16, 2020, while it's Motion to Compel was still pending, Delhar filed a Motion for Summary Judgment on the grounds that Pabian admitted to the debts owed in its discovery responses.[2] Delhar relied on a document titled "Owner Statement report Period 01/01/2015 to 12/31/2019" which, Delhar argued, confirmed a balance due to Delhar in the amount of $5,743.27, after the deduction of expenses and

---

[1]  Delhar, LLC sued for $5,743.27, Miles Development, LLC sued for $1,018.35, and 19709, LLC sued for $4,816.17.

[2]  Miles and 1709 likewise filed motions for summary judgment in their respective actions, asserting the same arguments raised by Delhar. In proceedings dated October 2, 2020, this Court granted summary judgment in favor of Miles and 1709 in their respective actions. *Miles Development, L.L.C. v. Pabian Ventures, LLC*, CPU4-19-003430, Horton, J. (Oct. 2, 2020)(ORDER); *1709, LLC v. Pabian Ventures, LLC*, CPU4-19-003425, Horton, J. (Oct. 2, 2020)(ORDER).

2

management fees.[3] Further, Delhar argued that because Pabian "failed to produce any documentation of the amount owed in the counterclaim" Pabian's counterclaim should be dismissed.

On June 19, 2020, Pabian filed a response in opposition to Delhar's Motion for Summary Judgment, arguing that Delhar is indebted to Pabian as evidenced by invoices Pabian sent to Delhar and tax deductions that Delhar took relating to work Pabian performed and charged to Delhar. Further, Pabian argued that the existence of the debt entitled Pabian to an offset and a retention of the rents and deposits owed that were applied to Delhar's outstanding debt.

On July 30, 2020, Pabian filed a Motion to Compel. In the motion, Pabian asserted that it propounded discovery requests upon Delhar, seeking all tax returns filed by Delhar since January 1, 2015, and any supporting documentation. Pabian argued that Delhar failed to produce these documents and, as such, Pabian's own failure to provide discovery to Delhar is excused.

On July 31, 2020, Delhar filed a response to Pabian's Motion to Compel. Delhar asserted that counsel for Delhar timely responded to the first request for production of documents and produced supplemental responses after discussions with Pabian's counsel. Additionally, Delhar argued that it had attempted to resolve the discovery dispute, to no avail, by requesting that Pabian's attorney limit the discovery request to

---

[3]   Although Plaintiffs all stated the document was attached as Exhibit A in their respective motions, no such documents were attached.

a relevant period of time, specifically during the contract period. Moreover, Delhar contended that their supporting tax documentation came from the owner statements that Pabian provided them over the course of their contract; therefore, the documentation Pabian requested is in Pabian control. In conclusion, Delhar contends that Pabian's request for production should be found overly broad, unduly burdensome, and not likely to lead to the discovery of relevant evidence and, as such, the Court should Pabian's the Motion to Compel.

On August 17, 2020, a hearing was held in which this Court denied Delhar's Motion for Summary Judgment and granted it's Motion to Compel, giving Pabian thirty days to respond to discovery requests. Pabian's Motion to Compel was not heard at this hearing.

On September 10, 2020, Delhar filed a Second Motion for Summary Judgment in which Delhar set forth the arguments made in its prior Motion for Summary Judgment. The motion alleged a claim for breach of contract and added a claim for $114,520.47, on the basis it represents the amount Pabian charged to Delhar for the work repairing Delhar's properties. Delhar argues it is entitled to a return of money paid to Pabian, because Pabian is not able to substantiate the charges Pabian billed Delhar during the period when Pabian was Delhar's property manager.[4]

---

[4] Delhar has not argued that the services were not performed.

4

On September 21, 2020 Pabian responded to Delhar's Second Motion for Summary Judgment and filed a Cross-Motion for Summary Judgment. Pabian's response to Delhar's Motion, raised for a second time the argument that it was entitled to offset the rent owed to Delhar with the open invoice with their contractional to their agreement. Further, Pabian relied on Delhar's tax returns showing Delhar took deductions for capital improvements and expenses in an amount similar to that which Delhar seeks, indicating Delhar was aware of the charges and cannot now claim ignorance. In support of its argument, Pabian relies upon documents signed by Sean Foley, a managing member of Delhar, authorizing the construction work Pabian performed, and a "Management Detail Report" which purports to show Delhar with a negative balance of $59,998.91 on their account with Pabian.

On September 25, 2020, Delhar filed its response to Pabian's Cross-Motion for Summary Judgment. Delhar again denied the alleged debt, stating that the document submitted in discovery by Pabian shows that Delhar does not owe Pabian any funds because the document was produced by Pabian's Property Management Software. Further, such document reconciles the accounts and shows a comprehensive view of Delhar's account with Pabian in which there were no unpaid bills. Further, Delhar called into question the sufficiency of Pabian's evidence to support its claim.

On October 2, 2020, Pabian filed a reply brief restating the basis for its claim for unpaid expenses relating to the work Pabian performed on Delhar's rental units, it allege that Delhar never denied that the alleged work was performed and that Delhar's 2017

tax return indicate Delhar took deductions for repairs in amounts similar to the amount which Pabian charged Delhar for the work.

On October 19, 2020, the Court held a hearing on the outstanding motions and reserved decision.

## DISCUSSION

### I. Delhar's Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5] When parties submit cross-motions for summary judgment, neither party's motion will be granted "unless no genuine issue of material fact exists and one of the parties is entitled to judgment as a matter of law."[6]

A genuine issue of material fact arises when "the parties are in disagreement concerning the factual predicate for the legal principles they advance."[7] Summary judgment is proper only where the ultimate fact finder has nothing to decide, as the "function of the judge in passing on a motion for summary judgment is not to weigh the evidence."[8] Further, summary judgment is inappropriate if, upon an examination

---

[5] CCP Civ. R. 56.

[6] *Gillespie* v. *Chelsea on Square Apartments*, 2010 WL 3386553, at *3 (Del. Super.).

[7] *Padovani* v. *Progressive N. Ins. Co.*, 2010 WL 5536528, at *4 (Del. Super.)(quoting *Merrill* v. *Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992)).

[8] *Id.*

6

of the record, it seems necessary to further develop the record in order to "clarify the application of the application of the law to the circumstances."[9]

In analyzing a motion for summary judgment, the Court construes all reasonable inferences from the factual record in the "light most favorable to the nonmoving party to determine if there is any dispute of material fact"[10] If a dispute as to a material fact exists, then summary judgment is inappropriate.[11]

## A. Delhar's Breach of Contract Claim

Delhar's moves the Court for Summary Judgment on its breach of contract claim in the amount of $5,743.27. The elements for a breach of contract claim are: "(1) a contractual obligation; (2) a breach of that obligation; and (3) resulting damages."[12] A breach occurs when a party fails to make payment as required under the contract.[13]

The parties do not dispute the existence of a contractual relationship. The essence of Delhar's claim rests on whether Pabian breached their contractual relationship by failing to forward rental payments and security deposits to Delhar as required. To support its claim, Delhar relies on a document entitled "Owner Statement Report Period 01/01/2015 to 12/31/2019." The document purports to show an account summary for Delhar, with charges for expenses and credits for rent payments tallied, resulting in a balance due to Delhar in the amount of $5,743.27.

---

9    *Gumbs* v. *State, Dep't of Labor*, 2018 WL 582433, at *5 (Del. Super.); *Gunzl* v. *Chadwick*, 2 A.3d 74 (Del. 2010).
10    *Doe* v. *Cahill*, 884 A.2d 451, 462 (Del. 2005).
11    *Paul* v. *Deloitte & Touche, LLP*, 974 A.2d 140, 145 (Del. 2009).
12    *SARN Energy LLC* v. *Tatra Def. Vehicle a.s.*, 2018 WL 5733385, at *3 (Del. Super.).
13    *Gilronan* v. *Birmingham*, 2020 WL 247326, at *4 (Del. Com. Pl.).

Delhar alleges, and Pabian does not dispute, that this document was created by Pabian's property management software and produced by Pabian in discovery. Delhar avers this document shows a comprehensive view of the Delhar's account which reconciles all open bills with credits received from rent or other means. Delhar further argues that by producing this document in discovery, Pabian has therefore admitted to the debt owed, in accordance with the report, entitling Delhar to summary judgment in the amount of $5,743.27.

Although Pabian does not contest retaining rental payments and deposits, Pabian does however, argue Delhar is not entitled to the receipt of these funds, because Delhar is indebted to Pabian for unpaid construction and property management cost, and that pursuant to an alleged agreement with Delhar, Pabian has a right to offset rental payments with existing unpaid bills related to services Pabian rendered on Delhar's rental properties. In support of this allegation, Pabian submitted documentation purporting to establish the debt in the amount of $59,998.91.

The record before the Court contains two conflicting documents submitted by the parties on which they base their respective claims. Both documents were produced by Pabian's software. One purports to show a debt owed to Pabian, the other purports to show a debt owed to Delhar. Reconciling these conflicting documents, would require the Court to weigh the evidence and decide which document is more credible, such a

decision is inappropriate on a motion for summary judgment.[14] Therefore, I find that there remains issues of material fact and Delhar's Motion for Summary Judgment on this ground is DENIED.

### B. Delhar's Claim for "Overpayments"

Delhar next asserts what the Court interprets as a claim for breach of contract,[15] as it seeks a return of funds allegedly paid to Pabian for services Delhar argues cannot be substantiated. As stated above, in order to prove a breach of contract, Delhar must show: "(1) a contractual obligation; (2) a breach of that obligation; and (3) resulting damages."[16]

Apparent on the face of Delhar's pleadings, with regards to this particular claim, is the lack of an allegation that Pabian in some way breached their contract. Delhar never alleges the work for which it was billed was not performed by Pabian. Delhar solely argues that Pabian can no longer substantiate its charges due in part to the death of one of its employees and how Pabian manages its records. Because there are

---

[14] *AeroGlobal Capital Mgmt., LLC* v. *Cirrus Indus., Inc.*, 871 A.2d 428, 444 (Del. 2005)("In evaluating the summary judgment record, a trial court shall not weigh the evidence or resolve conflicts presented by pretrial discovery."); *Int'l Bus. Machines Corp.* v. *Comdisco, Inc.*, 1993 WL 259102, at *2 (Del. Super.)(quoting *Merrill* v. *Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992)) ("The role of a trial court when faced with a motion for summary judgment is to identify disputed factual issues whose resolution is necessary to decide the case, but not to decide such issues.").

[15] Delhar's claim for a return of funds is before the Court for the first time in the argument section of Delhar's Second Motion for Summary Judgment. This claim is not stated in Delhar's Complaint and does not comport with several Court rules, including Civil Rule 8, as it is not a short and plain statement for relief.

[16] *SARN Energy LLC*, 2018 WL 5733385, at *3 (Del. Super.).

9

insufficient facts in the record to support a claim at this stage of the proceedings, Delhar's claim must be DENIED.[17]

## II.   Pabian's Cross-Motion for Summary Judgment

As discussed above, summary judgment will be granted only where the moving party demonstrates that no material issues of fact exist and summary judgment is appropriate as a matter of law.[18]

On Pabian's Cross-Motion for Summary Judgment, Pabian argues it is entitled to judgment against Delhar in the amount of $59,998.91. In support of its motion, Pabian relies in part on several documents signed by Sean Foley, a managing member of Delhar, authorizing work on Delhar's properties. Further, Pabian submitted photocopies of checks to Pabian from Delhar and other payment data.[19] Lastly, Pabian submitted a document entitled "Management Detail Report"[20], which Pabian alleges to be a statement of Delhar's account. The report lists the charges to Delhar, which are broken down by type of service provided and further detailed by items or company used in the service. The charges begin in November 15, 2016 and end May 30, 2017. The report tallies the total charges, indicating a total bill of $214,351.66. Further, the report credits this amount with the checks issued by Delhar in the amount of $154,352.75, resulting in a balance still owing in the amount of $59,998.91.

---

[17]   *Shiyanbola* v. *Amazon, LLC,* 2018 WL 1216098, at *2 (Del. Super.)(Dismissing Plaintiff's breach of contract claim for failing to allege that a contract was breached).

[18]   CCP Civ. R. 56.

[19]   Most of the documents, however, are not legible.

[20]   This document purports to show entries in Delhar's account from January 1, 2015 through July 31, 2020.

10

Delhar, however, contends that this alleged debt has been paid, as evidence by the owner statement report submitted by Pabian in discovery, which not only shows there is no debt owed, but purports to show a balance due to Delhar in the amount of $5,743.27. As the dates on the owner statement ranges from 2017 to 2019, Delhar argues that this a comprehensive view of Delhar's account for those years and is more telling than the document which Pabian relies on which only shows charges and credits of Delhar's account for the year of 2017.

In light of the record before the Court, I find there to be a dispute of material fact as to whether or not this alleged debt was paid. As stated above, both parties rely on contradicting documents produced by Pabian's software to prove their respective claims. Reconciling these documents by weighing their respective credibility is inappropriate for summary judgment.[21] Therefore, I find there remains issues of material facts and Pabian's Cross-Motion for Summary Judgment is DENIED.

## III. Pabian's Motion to Compel

Court of Common Pleas Civil Rule 37(a) governs Motions to Compel Discovery and provides that:

> "A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows... (2) Motion. If... a party fails to answer an interrogatory submitted under Rule 33, the discovering party may move for an order compelling an answer, or a designation,"

---

[21] *AeroGlobal Capital Mgmt., LLC,* 871 A.2d at 444.

11

"On a motion to compel the production of documents, the Court, in its discretion, determines whether the discovery sought is reasonably calculated to lead to admissible, non-privileged evidence." "But the scope of permissible discovery is broad to promote the disinterested search for the truth. And deliberately withholding discoverable information is inconsistent with the nature of our discovery rules." Absent a showing of impropriety in the discovery request, a party in possession of impeachment material must nevertheless turn over such material if it falls within the broad scope of discovery.

Pabian Motion to Compel moves the Court to issue an order compelling Delhar to submit all tax returns, associated schedules, and any supporting documentation it has filed since January 1, 2015. Delhar asserts that as an entity it did not exist until 2016, so it wouldn't have filed a 2015 tax return. As to the remaining years, Delhar argues that it provided Pabian with their tax returns from 2017 through 2019.[22] Further, Delhar argues that because the supporting documentation it relied on is already within Pabian's possession it need not produce it in discovery.

A Court may take judicial notice of a fact, if that fact is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from source whose accuracy cannot

---

[22] Additionally, in Delhar's Second Motion for Summary Judgment, Delhar stated they provided Pabian with their 2016 tax return.

12

reasonably be questioned."[23] The official record of the Secretary of State indicates that Delhar was not incorporated until May, 2016. Therefore, I take judicial notice of the fact that Delhar was not in existence in 2015. Consequently, they would not have a 2015 tax return or documents from that year. As production of documents cannot be required if they are not in existence,[24] Delhar cannot be compel to produce such. Further, Pabian's pleadings indicate the relationship between the two parties didn't begin until November 1, 2016, which would make tax return filings prior to this date irrelevant because the counterclaim is based on work performed by Pabian during the course of Pabian relationship with Delhar as it's property manager.

Secondly, with regard to the supporting documentation that Pabian seeks, Delhar avers that the documentation upon which they relied when filing their taxes was documentation from Pabian's software, such as the Owner Statements which is in the dominion and control of Pabian. Documents equally available to the seeking party, particularly documents in that party's own possession, need not be produced in discovery by the opposing party.[25] Therefore, Pabian's Motion to Compel is DENIED.

Further, I find no basis to award attorney fees and costs in these proceedings.

---

[23] D.R.E. 201.

[24] *Kaye* v. *Pantone, Inc.*, 1983 WL 18012, at *2 (Del. Ch.) (Production cannot be required of a document not in existence.).

[25] *Hoechst Celanese Corp.* v. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 623 A.2d 1099, 1109 (Del. Super. Ct. 1991)(Denying a Motion to Compel after finding the information sought was equally available to the movant from its own records).

## CONCLUSION

For the foregoing reasons, Delhar's Motion for Summary Judgment is DENIED; Pabian's Cross Motion for Summary Judgment is DENIED, and; Pabian's Motion to Compel is DENIED. The Clerk shall schedule this matter for the next proceeding.

_____
Alex J. Smalls,
Chief Judge

**IT IS SO ORDERED.**

14